IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KAREN PAYNE, <br><br>        Plaintiff, <br> v. <br><br> WAL-MART STORES, INC., <br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT WAL-MART STORES, INC.'S MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 2:12-cv-0229-DN <br><br> District Judge David Nuffer |

The above-captioned matter came before the Court on Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") motion for summary judgment.[1] The matter was fully briefed, and after considering the parties' filings, the court granted Wal-Mart's motion.[2]

## UNDISPUTED FACTS

1.   This action arises due to a slip and fall of Payne that occurred on November 19, 2007, in the Wal-Mart store located in Midvale, Utah.[3]

2.   On the day of the occurrence, Payne entered the Wal-Mart Store to shop for household items.[4]

3.   One of the items that Payne purchased on the day of the occurrence was a bottle of liquid Downy fabric softener.[5]

---

[1] Docket no. 16, filed January 14, 2013.

[2] Docket no. 24, Docket Text Order, entered May 30, 2013.

[3] Compl. at ¶ 5, docket no. 2-2, filed in Third Judicial District Court, State of Utah, on October 31, 2011, and subsequently removed to this court on March 1, 2012, docket no. 2.

[4] Depo. of Karen Payne at p. 34, docket no. 17-1.

[5] *Id.* at 34-35.

4.	When Payne removed the fabric softener from the shelf, she checked the lid to make sure it was on tight and did not see anything wrong with it.[6]

5.	When Payne was at the checkout counter, the cashier also checked the fabric softener to make sure the lid was on tight, and the cashier and Payne did not see anything wrong with the bottle.[7]

6.	After checking out, Payne exited the Wal-Mart store and began loading the items that she had purchased into her vehicle.[8] While doing so, Payne noticed that the fabric softener was dripping from the bottom of her cart and forming a puddle in the parking lot.[9]

7.	Payne removed the fabric softener from her cart and asked her sister to throw it in a garbage can that was nearby.[10] Payne then went into the store to see if she could have a new bottle of fabric softener.[11] Payne informed Wal-Mart personnel of the fabric softener puddle in the parking lot.[12] The person Payne informed concerning the puddle called for someone to go out and to clean-up in the parking lot.[13]

8.	After explaining what had happened to an employee, Payne was told that if she returned the leaking bottle of fabric softener Wal-Mart Stores would exchange it for a new bottle of fabric softener.[14]

---

[6] *Id.* at 42-43.

[7] *Id.*

[8] *Id.* at 36.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at 37.

9. As a result, Payne exited the store, retrieved the leaking bottle of fabric softener from the garbage can, and returned it to the customer service desk.[15]

10. While Payne was returning the leaking bottle of fabric softener to the customer service desk, she was trying to be careful.[16]

11. During the exchange, Wal-Mart employees gave Payne a paper towel so that she could clean any fabric softener off from her hands and arms.[17]

12. After exchanging the fabric softener, Payne walked the short distance to the restroom in the front aisle so that she could wash her hands.[18]

13. After washing her hands, Payne turned to leave the restroom and slipped and fell on a spot of fabric softener on the restroom floor.[19]

14. While Payne was returning the leaking bottle of fabric softener to the customer service desk, she did not see any fabric softener on the floor or on her clothing.[20]

15. As she was walking to the restroom to wash her hands, Payne did not see any fabric softener on the floor.[21]

16. In addition, when Payne entered the restroom, she did not see any fabric softener on the floor.[22]

17. There were no Wal-Mart employees in the restroom with Payne at any time prior to her fall.[23]

---

[15] *Id.* at 37-38.

[16] *Id.* at 45.

[17] *Id.* at 38.

[18] *Id.*

[19] *Id.* at 38 and 55.

[20] *Id.* at 46-47.

[21] *Id.* at 47.

[22] *Id.* at 48-49.

18.     Payne testified that no Wal-Mart employees knew about the fabric softener on the restroom floor at any time prior to her fall.[24]

19.     Payne did not look at the restroom floor while she was washing her hands to see if there was any fabric softener because she did not have any concerns entering the restroom.[25]

## DISCUSSION

"Property owners are not insurers of the safety of those who come upon their property, even though they are business invitees."[26]  Merely proving that an accident occurred on the store's premises is insufficient to show that the storeowner is liable for the accident.[27]

Slip and fall cases fall under two different categories: those involving an unsafe condition that is temporary and those involving an unsafe condition that is permanent.[28]  The fabric softener on the restroom floor that is the subject of this case was an unsafe condition of a temporary nature: a slippery substance on the floor that was not permanent.  In order for Payne to recover, she "must show that (1) [Wal-Mart] had knowledge of the [fabric softener on the floor], that is, either actual knowledge or constructive knowledge because the condition had existed long enough that [Wal-Mart] should have discovered it; and (2) after [obtaining] such knowledge, sufficient time elapsed that in the exercise of reasonable care [Wal-Mart] should have remedied it."[29]

Payne does not produce evidence to satisfy the notice requirements.  Specifically, Payne cannot show that Wal-Mart had actual knowledge of the fabric softener on the floor.  Prior to the

---

[23] *Id.* at 50.

[24] *Id.* at 50-51.

[25] *Id.* at 52.

[26] *Martin v. Safeway Stores, Inc.,* 565 P.2d 1139, 1140 (Utah 1977).

[27] *Silcox v. Skaggs Alpha Beta, Inc.,* 914 P.2d 623 (Utah Ct. App. 1991).

[28] *Schnuphase v. Storehouse Markets*, 918 P.2d 476 (Utah 1996).

[29] *Jex v. JRA, Inc.,* 196 P.3d 576, 580 (Utah 2008) (internal quotations omitted).

incident, there is no evidence that Wal-Mart employees saw or were informed about the fabric softener on the floor of the restroom that caused Payne to fall. Indeed, Payne's own testimony that no Wal-Mart employees knew about the fabric softener on the floor prior to her fall undermines her case.

In addition, there is insufficient evidence that Wal-Mart had constructive notice of the condition causing the fall. Payne testified that she did not see any fabric softener drip onto the floor while she was carrying the bottle to the customer service desk. While at the customer service desk, Payne was given paper towels to clean any fabric softener off from her hands and arms. Furthermore, after wiping the fabric softener off from her hands and arms, Payne walked to the restroom to wash them. Payne testified that she did not see any fabric softener drip onto the floor while she was walking to the restroom.

Payne admits that she tracked the fabric softener into the restroom and fell immediately after washing her hands. This evidence demonstrates that the fabric softener was on the floor of the restroom for mere seconds or minutes prior to Payne slipping and falling on it. Thus, Wal-Mart did not have sufficient time to discover the fabric softener on the restroom floor prior to Payne falling.

There is also insufficient evidence to show that Wal-Mart had a reasonable opportunity to remedy the condition.[30] Payne admitted that Wal-Mart employees were not in the bathroom when she was there and that they did not have notice of the fabric softener on the restroom floor. Therefore, Defendant could not have had a reasonable opportunity to remedy the condition.

---

[30] *Allen,* 538 P.2d at 176.

The Utah Supreme Court in *English v. Kienke*[31] set forth the requirements necessary to hold a landowner liable for a condition on the property that causes injury. The *English* court held:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against danger.[32]

As discussed above, Wal-Mart Stores did not know and could not have discovered the fabric softener spill on the restroom floor prior to the fall. Payne fails to satisfy the first requirement under *English*.

Payne also cannot establish the second requirement because Wal-Mart would have no reason to expect that Payne would not discover or realize any potential danger. The Restatement (Second) of Torts § 343A(1)[33] reads: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." The Utah Court of Appeals has explained that this "open and obvious danger rule

---

[31] 848 P.2d 153 (Utah 1993).

[32] *English*, 848 P.2d at 156 (quoting Restatement (Second) of Torts § 343).

[33] Cited in *English*, 848 P.2d at 160.

is a duty-defining rule that simply states that under appropriate circumstances, a landowner's duty of care might not include warning or otherwise protecting visitors from obvious dangers."[34]

Here, the spilled fabric softener was as readily observable to Payne as it was to any Wal-Mart employee, and, if it created any unreasonable risk of harm, that risk of harm was obvious to Payne. Payne testified that when she was carrying the bottle of fabric softener to the customer service desk, she was trying to be careful. Furthermore, after returning the fabric softener, Payne was aware that it may have spilled so she inspected her clothing and the floor for spills.

Payne's testimony demonstrates that she was aware that fabric softener may have leaked and that she was trying to be careful because the risks were readily observable and apparent. As a result, Payne cannot satisfy the second requirement under *English*.

Although the incident involving Payne was unfortunate, Wal-Mart cannot be held liable absent a showing that the standards in *English* and *Jex* have been satisfied. As the Supreme Court of Utah noted, "[n]ot every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from someone. Thousands of accidents occur every day for which no one is liable in damages…"[35]

## CONCLUSION AND ORDER

Payne has produced no evidence that Wal-Mart Stores had actual or constructive notice of the fabric softener on the restroom floor, or that there was an adequate opportunity to remedy the condition. Payne fails to show that landowner liability exists.

Based on the reasons cited above, and all the reasons set forth in Defendant's Motion and Memorandum in support for Summary Judgment, Defendant Wal-Mart Stores, Inc.'s motion for

---

[34] *Lyman v. Solomon*, 258 P.3d 647, 648 (Utah Ct. App. 2011) (quoting *Hale v. Beckstead,* 116 P.3d 263 (Utah 2005)).

[35] *Martin*, 565 P.2d at 1142.

summary judgment[36] is GRANTED. Payne's Complaint and all causes of action asserted therein are hereby dismissed with prejudice and on the merits. The Clerk shall close the case.

Signed July 2, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[36] Docket no. 16, filed January 14, 2013.